## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**MICHAEL SIBLEY,**

**Plaintiff,**

**v.**                                              **CASE NO.  23-3179-JWL**

**CLOUD COUNTY JAIL, et al.,**

**Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Michael Sibley is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.  Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

### I.  Nature of the Matter before the Court

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Although Plaintiff is currently in custody at the Saline County Jail in Salina, Kansas, his claims arose during his detention at the Cloud County Jail in Concordia, Kansas ("CCJ").  The Court granted Plaintiff leave to proceed in forma pauperis.  (Doc. 7.)

Plaintiff alleges that while housed at the CCJ, CO James opened Plaintiff's outgoing legal mail and stated that Captain Nevins told her to open it and to add an additional piece of paper that was not part of the original mail.  (Doc. 5, at 2.)  Plaintiff states that he brought this to their attention, and they stated that they opened the mail and placed it in a different envelope but never read it.  *Id*. at 5.

Plaintiff also claims that cameras in the jail record the entire cell due to placement at the back of the cell.  *Id*. at 2.  Plaintiff claims that the cameras "point directly at reflective window in

1

door thus recording entire cell and violating privacy." *Id*. Plaintiff claims that pointing the cameras at the reflective window gives "the ability to record toilet and shower violating privacy." *Id*. at 3.

Plaintiff names as defendants: the Cloud County Jail; Captain Nevins; and Correctional Officer James. Plaintiff seeks $5,000 in compensatory damages and $50,000 in punitive damages. *Id*. at 5.

## II. Statutory Screening

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it

innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Legal Mail

Plaintiff alleges that a piece of his outgoing legal mail was opened and an extra piece of paper was added to the mail.  Plaintiff does not allege that this happened more than once.  The Tenth Circuit has held that where prison officials opened one piece of constitutionally protected mail by accident, "[s]uch an isolated incident, without any evidence of improper motive or resulting interference with [the inmate's] right . . . of access to the courts, does not give rise to a constitutional violation." *Florence v. Booker*, 23 F. App'x 970, 972 (10th Cir. 2001) (citing *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990)).

Likewise, this Court has held that where a plaintiff has alleged merely two isolated incidents in which jail officials opened legal mail, plaintiff "must therefore show either an improper motivation by defendants or denial of access to the courts." *Thompson v. Hooper*, No. 05-3470-JWL, 2006 WL 1128692, at *4 (D. Kan. April 25, 2006) (citing *Florence*, 23 F. App'x at 972); *see also Bagguley v. Barr*, 893 F. Supp. 967, 972 (D. Kan. 1995) ("[A]ssuming these three envelopes were opened in violation of the applicable federal regulations, such conduct, under the circumstances of this case, does not rise to the level of a constitutional violation."); *Williams v. Armstrong*, No. 12-3136-SAC, 2013 WL 812185, at *4 (D. Kan. March 5, 2013) (claim dismissed where prisoner's legal mail was opened on one or more occasions and was explained to him as an error); *Elrod v. Swanson*, 478 F. Supp. 2d 1252, 1275 (D. Kan. 2007) (plaintiff could not show injury from alleged opening of legal mail where

4

plaintiff did not argue interference with communication with counsel and did not show anything more than an inadvertent mistake by prison officials); *Rashaw-Bey v. Carrizales*, No. 09-3075-JAR, 2010 WL 3613953, at *8 (D. Kan. Sept. 3, 2010) (inadvertent opening of three envelopes with no allegation of deliberate conduct on part of prison officials insufficient to establish a First Amendment constitutional violation).   Because Plaintiff has not alleged improper motive or interference with access to the courts or counsel, he has failed to allege a constitutional violation and his claim is subject to dismissal.

### 2.  Privacy

Plaintiff alleges that the cameras in the cells are positioned so that it is possible to see a reflection in the window of the door that would show the shower or toilet area.   Plaintiff does not suggest that the use of the camera was intended for any improper purpose.   *See Rowe v. Sumner Cty.*, 2019 WL 4305085, at *6 (D. Kan. 2019) (finding plaintiff's claim must be balanced against the use of cameras to further institutional security, which is "central to all other correctional goals" and because the complaint contains only a vague claim that plaintiff, like all prisoners, is subject to viewing by staff, he has not sufficiently pled a constitutional violation) (quoting *Pell v. Procunier*, 417 U.S. 817, 823 (1974)).   Plaintiff should show good cause why his privacy claim should not be dismissed.

"[T]he Tenth Circuit generally recognizes only a limited right to privacy in the context of prison life."   *Williams v. Reed*, 2018 WL 4826219, at *3 (D. Kan. 2018) (citing *Hayes v. Marriott*, 70 F.3d 1144, 1146 (10th Cir. 1995)).   The Supreme Court has recognized that "[a] right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order."   *Telesford v. Annucci*, 693 F. App'x 1, 2–3 (2nd Cir. 2017) (quoting

*Hudson v. Palmer*, 468 U.S. 517, 527–28 (1984)).

"Although the Tenth Circuit has not specifically addressed the issue, other federal courts have held that a detention facility's placement of a camera in the restroom and shower areas does not offend the Constitution." *Johnson v. Chaffee Cty. Det. Center*, 2020 WL 13826429, at *1 (D. Colo. 2020) (citing *see, e.g., Garrett v. Thaler*, No. 13-40599, 560 F. App'x 375, 380–81 (5th Cir. 2014) (upholding decision that cameras in restroom, shower and dressing areas of state prison did not violate Fourth Amendment); *Brooks v. Overton*, No. 02-2351, 68 F. App'x 703 (6th Cir. July 11, 2003) (unpublished) (affirming district court's *sua sponte* dismissal of prisoner's claim that defendants had violated his rights by placing a video camera in the showers of the prison based on the prison's legitimate interest in maintaining security and safety)); *see also Kidwell v. Hayden*, 2020 WL 7042611, at *2 (D. Kan. 2020) ("Here, the presence of cameras in the close observation cell where plaintiff is housed does not suggest any unconstitutional incursion on his limited right to privacy.") (citations omitted); *Bracey v. Sec. Penn. Dep't of Corr.*, 686 F. App'x 130, 136 (3rd Cir. 2017) ("The right to privacy is subject to reasonable limitations in the prison context, and security cameras are an accepted part of the prison environment.").

### 3. Improper Defendant

Plaintiff names the CCJ as a defendant. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-

SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99–

4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person

or legally created entity capable of being sued"); *Busekros v. Iscon*, No. 95-3277-GTV, 1995 WL

462241, at *1 (D. Kan. July 18, 1995) ("[T]he Reno County Jail must be dismissed, as a jail is

not a 'person' within the meaning of § 1983."). Plaintiff's claims against the CCJ are subject to

dismissal.

### 4.  Relief Requested

Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because

Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that

"[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other

correctional facility, for mental or emotional injury suffered while in custody without a prior

showing of physical injury." 42 U.S.C. § 1997e(e).

Plaintiffs seeks punitive damages, which "are available only for conduct which is 'shown

to be motivated by evil motive or intent, or when it involves reckless or callous indifference to

the federally protected rights of others.'" *Searles v. Van Bebber*, 251 F.3d 869, 879 (10th Cir.

2001) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). Plaintiff presents no plausible basis for

a claim of punitive damages because he alleges no facts whatsoever establishing that any

defendant acted with a sufficiently culpable state of mind. Plaintiff's request for punitive

damages is subject to dismissal.

Any request for injunctive relief would be moot. Plaintiff is no longer confined at the

CCJ. Because Plaintiff's claims relate solely to alleged wrongdoing on the part of CCJ

employees, the Court would be unable to provide Plaintiff with effective relief and any request

for injunctive relief would be moot. Article III of the Constitution extends the jurisdiction of

federal courts only to "live, concrete" cases or controversies. *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010). "Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot—i.e. where the controversy is no longer live and ongoing." *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994), *superseded by statute on other grounds*. Consequently, "[m]ootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Rio Grande*, 601 F.3d at 1109 (internal quotations and citations omitted).

"Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *O'Shea v. Littleton*, 414 U.S. 488, 495 1974). The Tenth Circuit has applied this principle to § 1983 actions brought by inmates, and held that an inmate's transfer from one prison to another generally renders moot any request for injunctive relief against the employees of the original prison concerning the conditions of confinement. *See Green v. Branson*, 108 F.3d 1296, 1299–1300 (10th Cir. 1997); *see also Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004) (inmate's release from prison moots his claims for declaratory and injunctive relief); *McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999) (recognizing prisoner's release from prison mooted his § 1983 claim for injunctive relief); *Love v. Summit County*, 776 F.2d 908, 910 n.4 (10th Cir. 1985) (noting transfer of inmate to different prison renders his § 1983 claim for injunctive relief moot).

The mootness doctrine is based on the reality that even if the inmate receives injunctive relief, the defendants from the former prison would be unable to provide the relief to plaintiff. Because Plaintiff is no longer incarcerated at the CCJ, any claim for injunctive relief would be moot and subject to dismissal.

**IV.  Motion to Appoint Counsel**

Plaintiff has filed a motion to appoint counsel.  (Doc. 2.)  Plaintiff argues that he is indigent, his incarceration will limit his ability to litigate, the issues are complex, Plaintiff has limited access to the law library, Plaintiff has limited knowledges of the law, and counsel would be better able to present evidence and cross-examine witnesses.  (Doc. 2, at 1.)  Plaintiff states that he has been unable to obtain counsel.  *Id*.

The Court has considered Plaintiff's motion for appointment of counsel.  There is no constitutional right to appointment of counsel in a civil case.  *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995).  The decision whether to appoint counsel in a civil matter lies in the discretion of the district court.  *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case."  *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."  *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).  The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3)

Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

## V. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why Plaintiff's Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein. To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (23-3179-JWL) at the top of the first page of the amended complaint and must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation. Plaintiff is given time to file a complete and proper amended complaint in which Plaintiff (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion to appoint counsel (Doc. 2) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **September 8, 2023,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **September 8, 2023**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated August 9, 2023, in Kansas City, Kansas.**

> <u>S/  John W. Lungstrum</u>
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**