## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**MICHAEL SIBLEY,**

     **Plaintiff,**

     **v.**                                         **CASE NO.  23-3179-JWL**

**CLOUD COUNTY JAIL, et al.,**

     **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Although Plaintiff is currently in custody at the Saline County Jail in Salina, Kansas, his claims arose during his detention at the Cloud County Jail in Concordia, Kansas ("CCJ").  The Court granted Plaintiff leave to proceed in forma pauperis. (Doc. 7.) On August 9, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 8) ("MOSC") directing Plaintiff to show good cause why his Complaint should not be dismissed or to file an amended complaint to cure the deficiencies set forth in the MOSC.  This matter is before the Court on Plaintiff's response (Doc. 10), and for screening Plaintiff's Amended Complaint (Doc. 9).  The Court's screening standards are set forth in the Court's MOSC.

Plaintiff alleges in his Amended Complaint that in June 2023, his outgoing legal mail was opened by CO James at the CCJ.  (Doc. 9, at 2.)  Plaintiff alleges that he had inquired about a different request he made for addresses and was informed by CO James that Captain Nevins told James to put Plaintiff's request for addresses inside the piece of legal mail.  *Id*.  CO James informed Plaintiff that she opened the mail but did not read it.  *Id*. at 3.

Plaintiff names Captain Nevins and Correctional Officer James as defendants.  Plaintiff seeks $25,000 in punitive damages from Captain Nevins and $5,000 in punitive damages from CO James.  *Id*. at 5.

The Court finds that Plaintiff's Amended Complaint fails to cure the deficiencies set forth in the MOSC and fails to state a valid claim for relief.  Plaintiff alleges that a piece of his outgoing legal mail was opened and an extra piece of paper was added to the mail.  Plaintiff does not allege that this happened to him more than once.  The Tenth Circuit has held that where prison officials opened one piece of constitutionally protected mail by accident, "[s]uch an isolated incident, without any evidence of improper motive or resulting interference with [the inmate's] right . . . of access to the courts, does not give rise to a constitutional violation." *Florence v. Booker*, 23 F. App'x 970, 972 (10th Cir. 2001) (citing *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990)); *see also Morgan v. Patterson*, 772 F. App'x 117, 119 (5th Cir. 2019) (where plaintiff claimed the captain opened a sealed envelope addressed to plaintiff's attorney, court found that plaintiff failed to explain how the opening of his mail on one occasion prejudiced his criminal case and plaintiff failed to allege that the official censored, destroyed, or misplaced his legal mail); *Fortune v. Hamberger*, 379 F. App'x 116, 120 (3rd Cir. 2010) (finding district court correctly determined that a single instance of interference with an inmate's legal mail is not sufficient to constitute a First Amendment violation); *Johnson v. Clark*, 2017 WL 11717893, at *6 (D. Wy. 2017) ("an isolated incident of mail tampering is usually insufficient to establish a constitutional violation).

Likewise, this Court has held that where a plaintiff has alleged merely two isolated incidents in which jail officials opened legal mail, plaintiff "must therefore show either an improper motivation by defendants or denial of access to the courts."  *Thompson v. Hooper*,

No. 05-3470-JWL, 2006 WL 1128692, at *4 (D. Kan. April 25, 2006) (citing *Florence*, 23 F. App'x at 972); *see also Bagguley v. Barr*, 893 F. Supp. 967, 972 (D. Kan. 1995) ("[A]ssuming these three envelopes were opened in violation of the applicable federal regulations, such conduct, under the circumstances of this case, does not rise to the level of a constitutional violation."); *Williams v. Armstrong*, No. 12-3136-SAC, 2013 WL 812185, at *4 (D. Kan. March 5, 2013) (claim dismissed where prisoner's legal mail was opened on one or more occasions and was explained to him as an error); *Elrod v. Swanson*, 478 F. Supp. 2d 1252, 1275 (D. Kan. 2007) (plaintiff could not show injury from alleged opening of legal mail where plaintiff did not argue interference with communication with counsel and did not show anything more than an inadvertent mistake by prison officials); *Rashaw-Bey v. Carrizales*, No. 09-3075-JAR, 2010 WL 3613953, at *8 (D. Kan. Sept. 3, 2010) (inadvertent opening of three envelopes with no allegation of deliberate conduct on part of prison officials insufficient to establish a First Amendment constitutional violation).

Plaintiff does not indicate to whom the piece of legal correspondence was sent, the nature of the legal correspondence, or whether or not the piece of paper containing the request for addresses was meant to go to the same recipient.   Plaintiff also fails to allege that inserting the piece of paper in his legal mail impacted his case or any other legal proceedings.  In his response, Plaintiff claims that adding the additional sheet of paper to his legal mail shows improper motivation and the same has been done numerous times to get a reaction out of individuals as they are being recorded . (Doc. 10, at 1.)  Plaintiff provides no factual support for when this was done, to whom it was done, or why he believes it was done to get a reaction on camera. CO James stated that she did not read Plaintiff's mail and the single instance of staff opening his mail to add his request for addresses does not show an improper motive.

Plaintiff's allegations fail to plausibly support a legal claim for relief.  A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face."  *Id.* at 555, 570.

The Court found in the MOSC that Plaintiff is not entitled to compensatory damages or injunctive relief.  In his Amended Complaint, Plaintiffs seeks punitive damages, which "are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'"  *Searles v. Van Bebber*, 251 F.3d 869, 879 (10th Cir. 2001) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)).  Plaintiff presents no plausible basis for a claim of punitive damages because he alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind.

The Court provided in the MOSC that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter may be dismissed without further notice for failure to state a claim." (Doc. 8, at 11.)  Plaintiff's Amended Complaint fails to cure all the deficiencies set forth in the MOSC and fails to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated August 30, 2023, in Kansas City, Kansas.**

                              **S/  John W. Lungstrum**
                              **JOHN W. LUNGSTRUM**
                              **UNITED STATES DISTRICT JUDGE**